## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

Gail Gilbert Watson,                          )
                                              )
       Plaintiff,                             )
                                              )     Civil Action No. 2:25-4883-RMG
   vs.                                     )
                                              )
Frank Bisignano, Commissioner of Social       )
Security,                                     )     **ORDER**
                                              )
      Defendant.                            )
_____  )

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Income ("DBI").  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling.  The Magistrate Judge issued a Report and Recommendation ("R & R") on July 9, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 23).  The Commissioner filed no objections to the R & R.

### Legal Standard

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social

-1-

Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

**Discussion**

In a well reasoned R & R, the Magistrate Judge recommended that the decision of the Commissioner be reversed and remanded because of the ALJ's reliance on Plaintiff's limited medical  treatment without considering the documented  evidence that she had no health insurance and limited financial resources. It is well settled in the Fourth Circuit that a Social Security claimant "may not be penalized for failing to seek treatment she cannot afford."  *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986).

**Conclusion**

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 23) as the Order of the Court, pursuant to Sentence Four of 42 U.S.C. § 405(g), and **REMANDS** the matter to the agency for a new hearing consistent with this Order.

 **AND IT IS SO ORDERED.**

       s/ Richard Mark Gergel___
       Richard Mark Gergel
       United States District Judge

Charleston, South Carolina
July 24, 2026